```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Criminal No. 1:55-cr-05620-4

ROY SPENCER, JR.,

    Defendant.

### MEMORANDUM OPINION AND ORDER

Before this court is defendant Roy Spencer's motion to expunge his criminal record, filed January 5, 2011.  (Doc. # 2). Defendant was convicted in 1955 for "running moonshine" along with three other defendants.  Mr. Spencer submits to the court that he served his country in the Army until 1974, and has lived the rest of his life with a clean record, becoming an upstanding member of his community.  Mr. Spencer hopes to expunge his criminal history for the sake of his family's name.

Federal courts have jurisdiction over petitions for expungement in very narrow circumstances.  See U.S. v. Rowlands, 451 F.2d 173 (3d. Cir. 2006).  There is some question as to whether federal courts may _ever_ exercise jurisdiction over such an expungement action. See U.S. v. Mitchell, 683 F.Supp. 2d 427 (E.D. Va. 2010) (holding that a federal court's ancillary jurisdiction would not apply in any circumstances to an action for expunction).  Additionally, "in the absence of any

applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record, even when ending in an acquittal." U.S. v. Noonan, 906 F.2d 952, 956 (3d. Cir. 1990).

Mr. Spencer does not argue that his criminal conviction was invalid or illegal, and there is no applicable statute by Congress granting jurisdiction over these matters.  Thus, the court lacks jurisdiction in this matter and the defendant's Motion to Expunge is DENIED.  The motion to expedite (doc. # 4) is DENIED as moot.

The power to remedy this action rests with the executive branch, specifically with the United States Department of Justice.  Mr. Spencer is encouraged to contact the Pardon Attorney, Ronald L. Rodgers.  Further information on the office of the Pardon Attorney may be found on the internet at www.justice.gov/pardon/, or by calling 202-616-6070.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to Mr. Spencer and to counsel of record.

It is so ORDERED on this 23rd day of September, 2011.

ENTER:

David A. Faber
Senior United States District Judge